UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Head and Spine Institute, P.C.,

    Plaintiff,

v.                                              Case No. 18-10902

Safeco Insurance Company of Illinois,     Sean F. Cox
                                                          United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

At issue is whether, in this No-Fault suit, Plaintiff's request for $69,934.38 in damages, along with the sought after attorney's fees and penalty interest, satisfies the amount in controversy requirement. Plaintiff contends it does not and has filed a Motion to Remand. For the reasons below, the Court disagrees. The Court shall deny the motion because, since there is complete diversity between the parties and it is more likely than not that the damages and attorney's fees sought by Plaintiff will exceed $75,000, the Court has subject-matter jurisdiction.

**BACKGROUND**

On January 23, 2018, Plaintiff Michigan Head and Spine Institute, P.C. sued Defendant Safeco Insurance Company in Oakland County Circuit Court under Michigan's No-Fault Act (Doc. # 1, Ex. 2). Plaintiff sought $69,934.38 in damages and claimed entitlement to attorney's fees under M.C.L. § 500.3148 and penalty interest under M.C.L. § 500.3142.

Two months later, on March 19, 2018, Defendant removed the case to federal court, asserting diversity jurisdiction (Doc. # 1). In turn, Plaintiff has moved to remand the case back to state court (Doc. # 7). Defendant has responded (Doc. # 12). The Court shall decide the

1

Motion to Remand on the briefs, the issues having been adequately presented therein.  LR 7.1(f)(2).

## ANALYSIS

A defendant may remove "any civil action brought in state court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction."  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

The only dispute here is whether the amount in controversy requirement has been satisfied.  Because Plaintiff seeks $69,934.38 in damages–an amount below the $75,000.01 threshold–the question is whether its request for attorney's fees or penalty interest, when coupled with the damages request, satisfy the jurisdiction amount.  The Court concludes that it does.

A plaintiff's requested attorney's fees may be included in the amount in controversy determination.  The general rule is clear: attorney's fees are to be considered when they are "provided for by contract or *where a statute mandates or expressly allows the payment of such fees*."  *Id*. at 376 (emphasis added).  That is the case here.  Like the fee statutes at issue in *Williamson*, M.C.L. § 500.3148(1) expressly allows a plaintiff to recover attorney's fees "if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."  *See Williamson*, 481 F.3d at 377.  So, any fees requested under § 3148(1) "are properly considered when determining the amount in controversy."  *Haggard v.*

2

*Allstate Property and Cas. Ins. Co.*, 2013 WL 12181716, at * 3 (E.D. Mich. 2013); *see also Great Lakes Pain v. Allstate Ins. Co.*, 2016 WL 9414040 (E.D. Mich. 2016) (including fees requested under § 3148(1) in the amount in controversy calculation); *Axiobionics, LLC v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 12929895 (E.D. Mich. 2012) (same).[1]

Plaintiff's complaint, of course, claims entitlement to these attorney's fees, alleging that Defendant's actions were "unreasonable within the meaning of the No-Fault Act." Complaint, ¶ 18. The question, then, is whether the fees sought pushes Plaintiff's suit past the jurisdictional threshold. Because Plaintiff seeks $69,934.38 in damages, Defendant need only establish that the fees will "more likely than not" exceed $5,066.62–the amount necessary to make up the difference. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). It has done so. In 2011, when awarding fees under § 3148(1), Judge Lawson approved a $200 hourly rate for Plaintiff's counsel, Sean F. Kelly. *Detroit Med. Ctr. v. Encompass Ins. Co.*, 2011 WL 3111970, at * 11 (E.D. Mich. 2011). Even if Mr. Kelly's reasonable hourly rate has not increased in the intervening seven years, a mere 26 hours of work at $200 per hour would cause the attorney's fees to exceed the target amount. Under the circumstances, the Court is satisfied that it is "more likely than not" that the amount in controversy, when considering the damages and attorney's fees sought, exceeds $75,000. *See Williamson*, 481 F.3d at 377. Thus, the Court shall deny the Motion to Remand.

## CONCLUSION

---

[1] Plaintiff's reliance on *Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 927 (E.D. Mich. 2007), which declined to consider § 3148(1) attorney's fees when determining the amount in controversy, is unpersuasive. As stated in *Haggard*, *Torres* pre-dates *Williamson*, which clearly indicated that a court may properly consider attorney's fees that are expressly allowed by statute, as is the case here. *See Haggard*, 2013 WL 12181716, at * 3.

For the reasons above, the Court ORDERS that Plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.

                                                              s/Sean F. Cox
                                                              Sean F. Cox
                                                              United States District Judge

Dated: June 1, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2018, by electronic and/or ordinary mail.

                                            s/Jennifer McCoy
                                            Case Manager